IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE WEBB, #137198, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFERSON S. DUNN, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:15-CV-654-WKW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jimmy Lee Webb ("Webb"), a state inmate and frequent litigant in this court, challenging conditions of confinement present and medical treatment provided to him at the Bullock Correctional Facility ("Bullock"). *Compl. - Doc. No. 1* at 3. On September 21, 2015, Webb filed a document in which he seeks class certification of this case on behalf of all inmates confined at Bullock and those inmates who may in the future be transferred to Bullock. *Doc. No. 5*. The court construes this document to contain a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*.

Upon consideration of the motion for class certification, the court concludes that this motion is due to be denied.

Webb is a a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates currently incarcerated at Bullock and those who are in the future transferred to Bullock. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* inmate may "plead and conduct" his own

claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington Cnty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981). Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Furthermore, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also England*, 516 F. Supp. 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Thus, the court concludes that the plaintiff's motion for class certification is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 7, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 23rd day of September, 2015.

                                                       /s/ Wallace Capel, Jr.
                                                      WALLACE CAPEL, JR.
                                                      UNITED STATES MAGISTRATE JUDGE