IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE WEBB, #137198,      ) | |
| )| |
| Plaintiff,      ) | |
| ) | |
| )| CIVIL ACTION NO. 2:15-CV-654-WKW |
| )| (WO) |
| v.      ) | |
| ) | |
| JEFFERSON S. DUNN, et al.,      ) | |
| ) | |
| Defendants.      ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Jimmy Lee Webb ("Webb"), an indigent state inmate incarcerated at the Bullock Correctional Facility, initiated this 42 U.S.C. § 1983 action on September 11, 2015. After reviewing the complaint, the court determined that Webb should file an amendment to the complaint which "more specifically describes the unsanitary conditions in the dorms and kitchen and advises how he has be denied adequate medical care." *Order of September 14, 2015 - Doc. No. 4*. The time allowed for filing the amendment in compliance with the directives of the aforementioned order expired on September 29, 2015. *Id*. At such time, Webb had not filed an amendment as directed by the order. The court therefore issued an order requiring that Webb show cause why he had failed to file the requisite amendment and allowing him a second opportunity to file such amendment. *Order of October 7, 2015 - Doc. No. 8*. This order specifically cautioned Webb that his failure to comply with its directives would result in a Recommendation that his general allegations regarding unsanitary

conditions and inadequate medical treatment be dismissed.  *Id.*

The time allowed Webb to file an amendment to the complaint expired on October 16, 2015.  As of the present date, Webb has failed to file an amendment to the complaint as required by the orders of this court.  In light of Webb's failure to file the necessary amendment, the court concludes that his conclusory claims of unsanitary conditions and inadequate medical treatment should be dismissed.  *Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of  consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what [the] complaint should contain." ); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The unsanitary conditions and inadequate medical treatment claims be dismissed ***without prejudice*** for failure of the plaintiff to file an amendment to the complaint as directed by the orders of this court.

2. This case be referred back to the undersigned with respect to the plaintiff's claims that his clothes are not properly cleaned during the laundry process and he has not been provided adequate personal hygiene products.

It is further

ORDERED that, on or before November 16, 2015, the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of November, 2015.

                            /s/ Gray M. Borden  
                            GRAY M. BORDEN  
                            UNITED STATES MAGISTRATE JUDGE